**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristen Kathleen Lara, | No. CV-21-00638-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Kristen Lara's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act"). Plaintiff filed a Complaint, (Doc. 1), and an Opening Brief, (Doc. 19), seeking judicial review of that denial. Defendant SSA filed an Answering Brief, (Doc. 22), to which Plaintiff replied, (Doc. 25). The Court has reviewed the parties' briefs, the Administrative Record, (Doc. 16), and the Administrative Law Judge's ("ALJ") decision, (Doc. 16-3 at 13–28), and will affirm the ALJ's decision for the following reasons.

**I.     BACKGROUND**

Plaintiff filed an Application for SSDI benefits on March 6, 2017, alleging a disability beginning in August 2014. (*Id.* at 16.) Plaintiff's claim was initially denied in September 2017. (*Id.*) A hearing was held before ALJ Dante M. Alegre on November 13, 2019. (*Id.* at 16, 28.) After considering the medical evidence and opinions, the ALJ determined that Plaintiff suffered from severe impairments including lumbar degenerative

disc disease status post fusion, vulvodynia, interstitial cystitis, endometriosis status post hysterectomy, hypertonic pelvic floor dysfunction, post-traumatic stress disorder, generalized anxiety disorder, major depressive disorder and panic disorder. (*Id.* at 19.) However, the ALJ concluded that, despite these impairments, Plaintiff had the residual functional capacity ("RFC") to perform light work. (*Id.* at 21.) Consequently, Plaintiff's Application was again denied by the ALJ on February 5, 2020. (*Id.* at 13.) Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the final decision of the SSA Commissioner ("Commissioner"), and this appeal followed. (*Id.* at 2.)

## II. LEGAL STANDARDS

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III. DISCUSSION

Plaintiff argues the ALJ committed harmful error in evaluating Plaintiff's symptom testimony, her mother's lay testimony, and in weighing the medical opinion evidence. (Doc. 19 at 7, 15.) The Commissioner argues that the ALJ's opinion is supported by substantial record evidence and free of reversible error. (Doc. 22 at 23.) The Court has reviewed the medical and administrative records and agrees with the Commissioner.

### A. Symptom Testimony

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)) (internal quotation marks omitted). Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

"[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are insufficient. *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112. For instance, the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1040) (internal quotation marks omitted).

Plaintiff argues the ALJ failed to provide adequate reasoning for discounting Plaintiff's and her mother's testimony. (Doc. 19 at 15–21.) The Commissioner argues the ALJ properly evaluated her testimony as being inconsistent with her medical history and activities of daily living. (Doc. 22 at 8-12) The Commissioner also argues the objective medical records did not support Plaintiff's mother's testimony as to the severity of Plaintiff's symptoms. (*Id.* at 13.)

Plaintiff testified, in part, that if she was not going to a doctor's appointment, she lays down most days. She lived alone, makes simple meals, and can drive but her mother

does her laundry and does the grocery shopping. She testified that she graduated high school and has two Associate Degrees. Her mother testified that Plaintiff can drive, shop in stores, pay bills, count change, feed the dogs and prepare simple meals. The ALJ did find that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms" but objective medical evidence did not support the alleged severity. (*Id.* at 22.) The medical record, as cite by the ALJ, shows that Plaintiff self-reported her exercise level as "occasional." (*Id.* at 23.) Plaintiff's abdominal pain led to numerous medical visits that resulted in "resolved" or "stable" outcomes. (*Id.*) The ALJ also noted that Plaintiff's mental impairments are being controlled with treatment and medication, and mental status exams showed Plaintiff had positive engagement, mental processing, and memory. (*Id.*) The ALJ found Plaintiff's activity level was not "minimally limited" because she could drive, attend appointments, spend time with loved ones, and even continued work after her alleged disability date. (*Id.*)

Therefore, the ALJ provided specific, clear, and convincing reasons supported by the record for rejecting Plaintiff's and her mother's symptom testimony. The Court thus finds the ALJ committed no error.

### B. Evaluation of Medical Testimony

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians; those who examined but did not treat the claimant are examining physicians; and those who neither examined, nor treated the claimant are non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who did not treat the claimant." *Id.* This is so because treating physicians have the advantage of in-person interaction and typically a longer history of treatment than a claimant's other doctors, and their "subjective judgments . . . are important, and properly play a part in their medical evaluations." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester*, 81 F.3d at 830–31). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* (internal quotation marks omitted). An ALJ meets this standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986).

Plaintiff challenges the ALJ's reliance on the state agency medical providers and the ALJ's assignment of little weight to her own medical providers. (Doc. 19 at 14.) Specifically, Plaintiff asserts "[t]he ALJ's vague allegations that Plaintiff's daily activities demonstrate functionality beyond those found by Plaintiff's treating medical sources are not sufficient" to reject those sources. (*Id.* at 13.) The court is not persuaded by Plaintiff's arguments.

Dr. Gomez noted Plaintiff could perform work at a less than sedentary level of exertion. (Doc. 16-3 at 25.) Dr. Coelho opined Plaintiff's mental impairments would not interfere with Plaintiff carrying out simple instructions and maintaining her concentration. (*Id.*) The ALJ explained that Drs. Gomez and Coelho's opinions were most consistent with testimony of Plaintiff's day-to-day activities and afforded them the greatest weight. These doctors' opinions did conflict with evidence from other medical providers that the ALJ found too reliant on Plaintiff's reported symptoms.

As explained above, an ALJ may rely on the opinion of non-treating physicians. *See Lester*, 81 F.3d at 830 (explaining that an ALJ may rely on a non-examining physician's testimony, even to reject that of an examining physician, when the ALJ's decision is supported by the record as a whole). The ALJ found Plaintiff's treating physicians' opinions were inconsistent with Plaintiff's work history, socialization with family and her boyfriend, and other daily activities. And Dr. Coelho reported that despite

Plaintiff's significant diagnoses, she had no major problems with understanding or memory, social interaction, or adapting to change. The ALJ did not merely disregard Plaintiff's treating physicians based on testimony of Plaintiff's daily activities—the ALJ found Dr. Coelho's opinion "appropriately balance[d] the claimant's subjective complaints with behavioral observations." Moreover, the Court notes that the evidence of Plaintiff's daily activities were provided by her and her mother's testimony. The ALJ set out a detailed summary of the relevant facts and evidence, and then articulated his weighing of those facts and evidence.

The Court finds the ALJ properly identified the conflicts within the record in deciding to give greater weight to the opinions of Dr. Gomez and Dr. Coelho, state agency medical consultants. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("[t]he opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

The ALJ acted well within the duties imparted upon him to determine the credibility of medical evidence, and he gave specific, legitimate reasons for discrediting particular opinions. And, as the ALJ "is the final arbiter with respect to resolving ambiguities in the medical evidence," the Court will not disturb his findings. *See Tommasetti*, 533 F.3d at 1041-42. The Court finds no error on the part of the ALJ.

### IV.   CONCLUSION

Having found no error,

**IT IS ORDERED** affirming the February 5, 2020 decision of the ALJ, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 29th day of September, 2022.

Honorable Susan M. Brnovich
United States District Judge